SAWYER, P.J.
(dissenting). I respectfully dissent.
I disagree with the majority’s conclusion that Police Officer Douglas Roberts, a reserve officer with the city of Brighton, is not, in fact, a police officer for purposes of MCL 750.81d. The majority bases its conclusion on the fact that MCL 750.81d does not specifically list the job title “reserve police officer” in its definition of “person” under the statute. I find this reasoning unpersuasive.
MCL 750.81d(l) establishes as a two-year felony the following:
Except as provided in subsections (2), (3), and (4), an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.
Subsections (2), (3), and (4) establish greater penalties depending on the level of injury caused to the “person.” Furthermore, MCL 750.81d(7)(b) defines “person” as any of the following:
(i) A police officer of this state or of a political subdivision of this state including, but not limited to, a motor carrier officer or capitol security officer of the department of state police.
*328 (ii) A police officer of a junior college, college, or university who is authorized by the governing board of that junior college, college, or university to enforce state law and the rules and ordinances of that junior college, college, or university.
(Hi) A conservation officer of the department of natural resources or the department of environmental quality.
(iv) A conservation officer of the United States department of the interior.
(v) A sheriff or deputy sheriff.
(vi) A constable.
(vii) A peace officer of a duly authorized police agency of the United States, including, but not limited to, an agent of the secret service or department of justice.
(viii) A firefighter.
(ix) Any emergency medical service personnel described in . .. MCL 333.20950.
(x) An individual engaged in a search and rescue operation as that term is defined in section 50c.
The majority finds great significance in the fact that the term “reserve police officer” is not included in this list. I find no significance in that fact. The majority argues that because this list explicitly includes individuals in a number of categories that might implicitly be considered police officers, the Legislature must have intended to exclude other categories that are not explicitly mentioned. I find this reasoning to be flawed.
The majority’s reasoning is correct only if we start with the presumption that the Legislature has implicitly reached the same conclusion that the majority has reached — that a reserve police officer is not, in fact, a police officer. That is, the Legislature would have explicitly included reserve police officers in its listing only (1) if the Legislature did not already consider *329 reserve police officers to be “police officer [s] of this state or of a political subdivision” under MCL 750.81d(7)(b)(i), or (2) if the Legislature wanted to explicitly exclude reserve officers from the definition of “person” in MCL 750.81d(7)(b). But there is no evidence in the text of the statute suggesting that the Legislature views a reserve police officer as anything other than a police officer. Nor is there any indication that the Legislature intended to exclude reserve officers from the definition of “person.”
Next, it should not be overlooked that the statute, while providing an extensive definition of “person,” does not, however, provide a definition of “police officer.” Looking to Merriam-Webster’s Collegiate Dictionary (11th ed), “police officer” is defined as “a member of a police force [.]” And “police force” is defined as “a body of trained officers entrusted by a government with maintenance of public peace and order, enforcement of laws, and prevention and detection of crime.” Thus, we need to look at whether Officer Roberts is a “trained officer” entrusted by the city of Brighton with the “maintenance of public peace and order, enforcement of laws, and prevention and detection of crime.”
Officer Roberts testified that he attended a 16-week police academy, that he was sworn as an officer for the city of Brighton, that the oath included the obligation to uphold the laws of the city of Brighton and the state of Michigan, and that he was issued a uniform and a weapon. He worked full shifts, in a patrol car, along with a full-time officer. With respect to the specific events in this case, Officer Roberts testified that he and the full-time officer with whom he was working were responding to a call for service regarding a fight in progress at a bar. Defendant was identified as the *330 person causing the problem, and Officer Roberts approached him and asked to speak with him. Defendant responded by running away from Roberts, who identified himself as a police officer and ordered defendant to stop. Defendant only complied after Officer Roberts repeated the command. After defendant stopped, he looked at Officer Roberts, said “fuck you,” and then reached behind his back. Concerned that defendant was reaching for a weapon, Officer Roberts drew his own weapon and ordered defendant to the ground. Defendant complied, and with the assistance of two other officers who had arrived at the scene, defendant was taken into custody. I would suggest that these facts establish that Officer Roberts is a trained officer who has been entrusted by the city of Brighton and its police chief with the “maintenance of public peace and order, enforcement of laws, and prevention and detection of crime.”
Moreover, I would note that this dictionary definition of “police officer,” and its application to reserve officers, finds some support in our Legislature’s language, albeit in a different statute. While I can find no use of the term “reserve police officer” in the statutes of this state, at the time of the events in this case, the concealed pistol license statute defined the terms “reserve peace officer” and “reserve officer” to mean
an individual authorized on a voluntary or irregular basis by a duly authorized police agency of this state or a political subdivision of this state to act as a law enforcement officer, who is responsible for the preservation of the peace, the prevention and detection of crime, and the enforcement of the general criminal laws of this state, and who is otherwise eligible to possess a firearm under this act. [MCL 28.421(l)(g).]
*331 In addition to using a definition similar to the dictionary definitions of “police officer” and “police force,” there is another aspect I find compelling — the reference in MCL 28.421(1) to a reserve officer serving on a “voluntary or irregular basis.” The distinction between a police officer and a reserve police officer depends not on the nature of their service to the city, but on the nature of their schedule. Both are police officers — that is, both have a duty to preserve the peace, prevent and detect crime, and enforce the criminal laws of this state. The distinction is that a reserve officer does so on an irregular basis. Or, as Officer Roberts testified in this case, he works two or three shifts a month, filling in for officers who are on vacation or have called in sick. That is, unlike a regular, full-time officer, he does not have a regular schedule. But I see nothing in MCL 750.8Id that draws a distinction based on whether an officer performs his or her duties according to a regular schedule.
Finally, I would note that if we were to follow the majority’s rationale that all categories of “persons” must be explicitly listed in the statute, those “persons” whose job titles are different than simply “police officer” would be necessarily excluded. For example, a number of jurisdictions utilize “public safety” departments rather than police departments. Yet, MCL 750.81d(7)(b) does not include “public safety officers” in its list. I doubt that the Legislature intended to exclude them from the coverage of the statute. Rather, I believe the Legislature presumed that public safety officers, like reserve police officers, fall within the general category of “police officers” because public safety officers are also charged with preserving the peace, preventing and detecting crime, and enforcing the law.
*332 For these reasons, I conclude that Officer Roberts is a police officer of a political subdivision of this state, namely the city of Brighton. Accordingly, defendant could be found guilty under MCL 750.81d if he resisted or obstructed Officer Roberts in the performance of his duties.
I would reverse the lower courts and direct the district court to bind defendant over for trial if it finds that there is otherwise sufficient evidence to do so.